USCA1 Opinion

 

 [NOT FOR PUBLICATION]  ____________________ No. 96-1353 UNITED STATES OF AMERICA, Appellee, v. KENNETH RAPOSA, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Ernest C. Torres, U.S. District Judge] ____________________ Before Selya, Circuit Judge, Coffin and Cyr, Senior Circuit Judges. ____________________ Edward  J.  Romano, by Appointment of the Court, for appellant. Margaret E. Curran, Assistant United States Attorney, with whom Sheldon Whitehouse, United States Attorney, James H. Leavey, Assistant  United States Attorney, and Kenneth P. Madden, Assistant United States Attorney, were on brief for appellee. ____________________ July 3, 1997 ___________________ Per Curiam. Appellant was convicted, after a jury trial, of participating in the collection of an extension of credit by extortionate  means,  in  violation of 18 U.S.C. SS 894, 2. He raises three issues on appeal. At this juncture, after a hard and ably fought trial below, no issue merits extended discussion. Appellant first challenges the sufficiency of the evidence. The  evidence  as the jury could have found it was that (1) Duxbury, the  key  government  witness, was confronted by co-defendant Ouimette and  accused  of  shaking  down a friend; (2) Duxbury's response earned him a beating by a third defendant, Gellerman, who pleaded guilty and  testified as a cooperating witness at trial; (3) Ouimette then grabbed Duxbury by the throat and announced that, as a penalty, Duxbury must pay $5,000 by the following night; (4) after this, Ouimette slapped Duxbury in the face and appellant kicked Duxbury in the leg; and (5) most importantly, just before Duxbury was escorted out of the room, appellant raised his hand, and pointing at  Duxbury,  said,  "Do  not forget the five thousand dollars tomorrow night." Appellant  asserted flaws and inconsistencies in the testimony of the various witnesses, but this comes down to a question as to which  witness  the  jury  believed. There is nothing to set this case apart from the general deference due a jury's verdict. Not only was there Duxbury's unshaken testimony, but the jury also had before it nonverbal evidence of appellant's kicks following Ouimette's announcement of the penalty. -2- The second issue is whether the district court abused its discretion by refusing the defense a continuance to obtain the testimony  of  a  polygraph  examiner whose testing allegedly supported appellant's assertion that he had not reminded Duxbury about the $5,000. The colloquy below and the briefs on appeal discuss many facets of polygraph test admissibility, but we need rely on only one ground particular to this case. A prior counsel for appellant, before his removal to avoid a conflict based on representation of a co-defendant, had obtained the test from his expert. The attorney had proposed to the government that it secure an impartial examiner to administer another test, "provided that you agree that the results of the polygraph  examination will be admitted at the trial of this matter on the issue of Mr. Raposa's credibility, should he choose to testify at trial." (Emphasis added.) As it happened, appellant decided not to testify and the precondition to admission of the results of the examination therefore did not materialize. Under  these  circumstances, we cannot fault the district court for  refusing  a mid-trial continuance for the defense to locate the expert  so  that  he  could  attempt to justify admission of his report. Indeed,  we  read  appellant's brief on appeal as implicitly conceding this with the following language: "In the present case, the polygraph evidence would directly corroborate the defendant's testimony, if he chose to testify, regarding specific fact [sic] alleged by the government and denied by the defendant which the jury  must  determine . . . ." It is also worthy of note that this -3- language  is  identical to that used in a "Motion to Admit Polygraph Evidence"  filed  in  the  district court by appellant's trial counsel. The third issue concerns the court's refusal to strike the testimony of a dancer who stated that appellant had asked her "something like, are you a cop or something." She was not sure that this was said on the day after the basic incident and appellant's  counsel moved to strike on the ground that the witness did not remember on which day the statement was made. The court allowed  the  testimony to stand, saying that its weight was for the jury. We  cannot  say  that  this  was an abuse of discretion. There was no objection that this was impermissible character evidence, nor did this undercut appellant's defense that he did not participate in an extortionate activity (as opposed to some type of criminal activity, such as an assault). Affirmed. -4-